UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSE CARLOS GUAJARDO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-00172 |
| § | |
| BURGER KING FRIES RESTAURANT § | |
| MANAGEMENT, LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Jose Carlos Guajardo, proceeding *pro se*, filed this employment discrimination lawsuit against Defendant Fries Restaurant Management, LLC ("Burger King"). Now pending are Burger King's motions to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 8(a)(1), (a)(2), and (d)(1), which address Guajardo's claims as arising under Title VII. (D.E. 13, 14). Guajardo has filed a construed response to these motions. (D.E. 15). For the reasons discussed further below, it is recommended that Guajardo's claims be construed as arising under the Americans With Disabilities Act ("ADA") and Burger King's motions to dismiss (D.E. 13, 14) be DENIED without prejudice.

I. **COMPLAINT**

In his complaint and attached documents from the Equal Employment Opportunity Commission ("EEOC"), Guajardo alleges the following. (D.E. 1). In March 2019, he began working for Burger King as a crew member. (*Id.* at 4). On May 5, 2019, he disclosed to one of the general managers that he had Hepatitis C. The next day, his

immediate general manager called him and indicated that he could not return to work before receiving a doctor's note. (*Id.*). She asked Guajardo to stay in contact during the process of obtaining the doctor's note, but she never answered when Guajardo attempted to contact her about the process. (*Id.* at 6). On May 28, 2019, Guajardo had a doctor's appointment. He notified the general manager about the appointment, but received no response. He "also told [her] that [he was] not able to go back to work until [he] could get seen by a Hepatitis C doctor." On June 11, 2019, an area manager called Guajardo and told him that he could return to work if he brought a copy of the Texas Health and Human Services disclosure form pertaining to Hepatitis C. She also reiterated that he needed to get a copy of the release form as soon as he saw a Hepatitis C doctor. On June 14, 2019, Guajardo returned to work. The next day, the new general manager told him that he needed to re-apply because she was told that he had quit his job. On that same day, he re-applied and was hired. (*Id.*).

Guajardo alleges that he was discriminated against on the basis of his Hepatitis C diagnosis when Burger King required him to get a doctor's note before returning to work and terminated his employment. (*Id.* at 2, 4, 6).

II. **DISCUSSION**

Burger King has filed two motions to dismiss, one under Rule 12(b)(6) and one under Rule 8(a)(1), (a)(2), and (d)(1). (D.E. 13, 14). Although they are raised under different rules, both motions rely on the same arguments. Specifically, Burger King contends that Guajardo's complaint is deficient because, although the complaint states that the claim is brought under Title VII, Guajardo does not allege that: (1) Burger King

2

was his employer; (2) he was a member of a protected class; or (3) Burger King took an adverse employment action against him on the basis of his membership in a protected group.  (D.E. 13 at 2; D.E. 14 at 2-3).

Guajardo responds that he was told by one manager that another manager terminated him because he was coughing and she believed he would transmit Hepatitis C to her.  (D.E. 15 at 1).  He also argues that, in addition to the temporary termination, he was given less hours when he returned.  (*Id.* at 2).  Guajardo asserts that the Americans with Disabilities Act ("ADA") prohibits employers from terminating someone solely because of a Hepatitis C diagnosis.  (D.E. 15-1 at 1-2).

Burger King did not file a reply.

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; and (2) a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(1), (2).  Each allegation in a pleading must be simple, concise, and direct.  Fed. R. Civ. P. 8(d)(1).  Under Rule 8(a)(2), a pleading must make a "showing, rather than a blanket assertion, of entitlement to relief," which requires some factual allegations.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  The allegations must give the defendant fair notice of what the claim is.  *Id.* at 555.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In determining whether to grant a motion to dismiss, the court must not go outside the pleadings and must accept all well-pleaded facts as true, looking at them in the light most favorable to the plaintiff.  *Scanlan*

3

*v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003).

A complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, but the plaintiff must nonetheless provide more than merely labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations in the complaint are assumed to be true, even if unlikely, but the allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570. A claim has facial plausibility where the factual allegations allow the court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts that are merely consistent with a defendant's liability are insufficient. *Id.*

Under Title VII, it is unlawful for an employer to discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of that individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Jurisdiction for claims under Title VII is conferred by 42 U.S.C. § 2000e-5. In contrast, it is unlawful under the ADA for an employer to discriminate against a qualified individual on the basis of disability. 42 U.S.C. § 12112. Jurisdiction for claims under the ADA is conferred by 42 U.S.C. § 12117.

*Pro se* complaints are held to a less stringent standard than pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Estelle v.*

4

*Gamble*, 429 U.S. 97, 106 (1976).

Here, Burger King is correct that Guajardo's complaint does not sufficiently state a claim for employment discrimination under Title VII. To state a claim under Title VII, a plaintiff must allege that his employer discriminated against him on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Even liberally construed, Guajardo's complaint does not allege that he was a member of any group protected under the statute or that he suffered discrimination on that basis. (*See generally* D.E. 1). Instead, Guajardo alleges that he was terminated due to his Hepatitis C diagnosis. (*Id.*). The complaint does not cite the ADA, which is a separate statutory scheme from Title VII. *See* 42 U.S.C. §§ 2000e-5, 12112. The attached EEOC documents do cite the ADA. (*See* D.E. 1 at 4).

However, rather than dismissing Guajardo's complaint, the undersigned recommends construing Guajardo's complaint to raise claims under the ADA. Guajardo submitted a court-provided complaint form and followed the directions provided to *pro se* parties on the Southern District of Texas website.[1] Although the complaint form states that the action is brought pursuant to Title VII, the directions on the website make a blanket statement that *pro se* parties can use that form if the basis of their suit is employment discrimination, with no additional explanation or delineation of the other possible statutes that could form the basis of a discrimination claim. (*See* D.E. 1 at 1).

---

[1] These directions, in a document titled "Guidelines for Litigants Without Lawyers," are available at https://www.txs.uscourts.gov/sites/txs/files/proseguide.pdf. The document does warn *pro se* parties that it "is not legal advice and reliance on it is at your own risk."

Further, as Burger King acknowledged at the October 14, 2020, hearing on the motions, the contents of Guajardo's complaint make clear that he is attempting to raise an ADA claim, not a Title VII claim. On the section of the form that provides a checklist for the basis of the discrimination, Guajardo did not choose any of the Title VII grounds and instead wrote in "disability medical discrimination." (D.E. 1 at 2). Throughout his complaint and the attached EEOC documents, Guajardo alleges that he was discriminated against on the basis of a disability. (*See id.* at 2, 4, 6-7). In his construed response, he cites the ADA to make his arguments. (D.E. 14-1 at 1-2).

Under these circumstances, it is clear that Guajardo intended to raise an ADA claim, not a Title VII claim. *See United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) (stating, in the context of a habeas case, that it is the substance of the relief sought, not the label a *pro se* party attaches to it, that is relevant). It appears from the context of this case that Guajardo may have been misled by a court-provided document, resulting in the deficiencies that Burger King identifies in its motions. His complaint is otherwise clear about the source of his claims.

Lastly, although Burger King argued at the October 14, 2020, hearing that the complaint should be dismissed even if the Court construed it to contain ADA claims, it did not make that argument in either motion to dismiss. (*See generally* D.E. 13, 14). Indeed, the motions do not mention the ADA at all and do not address the sufficiency of the specific factual allegations under either a Title VII or ADA standard, instead focusing

6

on the fact that the allegations were not congruent with Title VII.[2] Thus, it would be inappropriate at this stage to analyze whether Guajardo's factual allegations, construed as an ADA claim, could survive a motion to dismiss because Guajardo did not have the opportunity to brief this issue or prepare arguments for the hearing.

## III. RECOMMENDATION

Accordingly, it is recommended that Guajardo's complaint be construed to raise ADA claims and both motions to dismiss (D.E. 13, 14) be DENIED without prejudice.

Respectfully submitted this 20th day of October, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

---

[2] To the extent that Burger King argues that Guajardo failed to allege that Burger King was his employer, which is a requirement under either statute, that is not the case. In the complaint, Guajardo identifies Burger King as the defendant and states that the defendant terminated his employment. (D.E. 1 at 1-2). As noted, the complaint form was provided by the court and Guajardo filled out every section in accordance with the directions.

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).