UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE CARLOS GUAJARDO, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:20-CV-00172 |
| BURGER KING FRIES RESTAURANT MANAGEMENT, LLC, | § § § § | |
| Defendant. | § | |

## **MEMORANDUM AND RECOMMENDATION**

In July 2020, Plaintiff Juan Carlos Guajardo filed this *pro se* suit alleging that Defendant discriminated against him on the basis of disability when it terminated his employment due to his Hepatitis C diagnosis. In a status conference and motion hearing on October 14, 2020, the undersigned informed Guajardo that it was his responsibility to prosecute his case and to keep both the Court and the Defendant informed on how to contact him. On the same day, the undersigned entered a scheduling order setting the relevant deadlines for this case. (D.E. 21). Among other deadlines, the scheduling order instructed the parties that: (1) a demand letter was to be presented to Defendant by January 15, 2021; (2) a statement of intent regarding mediation was to be filed with the Court by March 1, 2021; (3) discovery would end on March 1, 2021; and (4) there would be a status conference on April 7, 2021. (Id. at 1-2).

On October 20, 2020, the undersigned issued a memorandum and recommendation ("M&R") that recommended denying Defendant's motions to dismiss and construing

Guajardo's claim as arising under the Americans With Disabilities Act. (D.E. 22). On November 30, 2020, the District Court adopted the M&R. (D.E. 25). Since that time, the only filing in this case is a "discovery packet" filed by Guajardo that includes 26 pages of evidence and a letter stating that he has no expert witnesses and is interested in mediation. (D.E. 26).

The undersigned moved forward with the April 7, 2021, status conference as scheduled. The Court reminded all parties of the hearing on April 6, 2021 by email. Guajardo did not appear at the hearing. On the morning of the hearing, the Court attempted to contact Guajardo both by e-mail and phone with no response. Messages were left for Plaintiff on the number he has on file with the Court. To this day, there has been no respond by Plaintiff. During the hearing, Defendant represented to the Court that it has also been unable to get in contact with Guajardo and has not heard from him since December 2020. Due to Guajardo's unavailability, Defendant stated that it has not been able to conduct any discovery and, with almost all pretrial deadlines now expired, does not even have a demand from Guajardo regarding what he is seeking.

Under Rule 41(b), a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with a court order. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); Fed. R. Civ. P. 41(b). Guajardo has failed to comply with all requirements in the scheduling order and failed to appear at a long-scheduled hearing. This is the second time he has failed to appear for a hearing in his case. (*See* D.E. 5 in Case Number 2:20-mc-00458). He has also failed to comply with the undersigned's admonishments to stay involved with his case and keep both the Court and Defendant

informed on how to contact him. Accordingly, it is recommended that this action be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

Respectfully submitted on April 9, 2021.

*[signature]*
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).